UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V.R. ENTERTAINMENT, VICKASH MANGRAY,
JEFF MANGRAY, and MOONIE MANGRAY,

           Plaintiffs,           Civil Action No.
                                                  12-cv-10203
vs.

                                                  PAUL D. BORMAN
CITY OF ANN ARBOR, CITY OF ANN ARBOR      UNITED STATES DISTRICT JUDGE
POLICE DEPARTMENT, CITY OF ANN ARBOR
CHIEF OF POLICE BARNETT JONES,
ANN ARBOR CITY ADMINISTRATOR STEVE
POWERS, and PREVIOUS CITY ADMINISTRATOR
ROGER FRASER, jointly and severally,

           Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59 OR 60(b) AND FOR LEAVE TO FILE
AN AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
<u>PROCEDURE 15(a)(2) (Dkt. No. 25)</u>**

      Before the Court is V.R. Entertainment, Vickash Mangray, Jeff Mangray, and Moonie Mangray's (collectively, "Plaintiffs") Motion for Relief From Judgment and for Leave to File an Amended Complaint, filed on July 2, 2012. (Dkt. No. 25.) Plaintiffs seek relief from this Court's Opinion and Order granting Defendants' Motion to Dismiss, entered on June 22, 2012. (Dkt. No. 23.) Defendants filed a Response to Plaintiffs' Motion on July 16, 2012. (Dkt. No. 26.) Plaintiffs filed a Reply on July 25, 2012. (Dkt. No. 28.)

      The Court finds that the parties' briefing is fully informative and, accordingly, that oral

1

argument is unnecessary pursuant to Local Rule 7.1(f)(2). For the reasons stated below, the Court will DENY Plaintiffs' Motion.

## I. LEGAL STANDARD

Plaintiffs motion is brought pursuant to Federal Rules of Civil Procedure 59, 60(b), and 15(a)(2). Plaintiffs argue that the Court clearly erred when it granted Defendants' Motion to Dismiss without allowing Plaintiffs an opportunity to amend their Complaint.

### A. Fed. R. Civ. P. 15(a)

Generally, the Court should "freely" grant requests to amend. Fed. R. Civ. P. 15(a)(2). However, where, as here, Plaintiffs filed their motion to amend after an adverse judgment, they "must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010). This is because "a permissive amendment policy applied after adverse judgments[ would allow plaintiffs to] use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)). Therefore, "[i]n post-judgment motions to amend, . . . the Rule 15 and Rule 59 inquiries turn on the same factors." *Id.* (citation omitted).

In sum, the factors the Court must take into consideration in determining Plaintiffs' Motion include Plaintiffs' stated reasons for filing their motion to amend and proposed Amended Complaint after the entry of judgment against them, as well as "the competing interest of protecting the finality of judgments and the expeditious termination of litigation[,]" along with the "potential prejudice to the non-movant." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

2

**B. Fed. R. Civ. P. 59**

"The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). "In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012).

**C. Fed. R. Civ. P. 60(b)(6)**

Plaintiffs seek relief pursuant to Rule 60(b)(6). (Pls.' Mot. 8.) A Rule 60(b)(6) motion "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Rule 60(b)(6) allows the Court to grant relief from judgment for "any other reason that justifies relief." "A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). But relief under Rule 60(b)(6) is only warranted "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Because a claim of legal error is subsumed by Rule 60(b)(1), relief for these claims "is not cognizable under Rule 60(b)(6) absent extraordinary circumstances." *Id.*

## II. ANALYSIS

In its June 22, 2012 Opinion and Order, the Court denied Plaintiffs' request to amend their Complaint, noting as follows: "Plaintiffs have not attached a proposed Amended Complaint to their Response, as required by Local Rule 15.1. Plaintiffs also do not state any additional facts

they can allege that will allow their claims to survive a subsequent motion to dismiss." (June 22, 2012 Op. and Order 12-13.) Plaintiffs argue that the Court erred by "finding 'undue delay' in leave to amend and for dismissing 'with prejudice' for a mere pleading deficiency." (Pls.' Mot. 7.) Plaintiffs claim that they have attempted to comply with the "nebulous" pleading requirements under the Federal Rules of Civil Procedure. (Pls.' Mot. 8.) Plaintiffs also admit that "technical request for leave to amend requirements may have been violated," but claim that "the violation was inadvertent[.]" (Pls.' Reply at 5.) Plaintiffs point out that Local Rule 15.1 provides that "[f]ailure to comply with this Rule is not grounds for denial of the motion." Plaintiffs further state: "Obviously, Plaintiffs needed to be aware of what deficiencies the [C]ourt feels exist in the pleadings before a proposed amended pleading can be intelligently drafted." (Pls.' Mot. 8.)

Plaintiffs have not demonstrated any error or other justification for setting aside the Court's June 22, 2012 Opinion and Order. The Court notes that, prior to the instant motion, Plaintiffs never filed a motion to amend the Complaint under Rule 15(a)(2). Plaintiffs only mentioned leave to amend as alternative relief tacked at the end of a sentence in the "Conclusion" section of their Response to Defendants' Motion to Dismiss. Plaintiffs' entire request to amend was as follows: "In order to preserve Plaintiffs' rights, Plaintiffs' request this Court deny the instant Motion, *or in the alternative grant Plaintiffs leave to file an amended pleading more to the Court's liking.*" (Pls.' Resp. to Mot. to Dismiss 17 (emphasis added).)

"Requesting leave to amend under Fed. R. Civ. P. 15(a) is governed by Fed. R. Civ. P. 7(b), which requires that a motion 'shall state with particularity the grounds therefor . . . .'" *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). A request to amend that consists

of "a single sentence without providing grounds or a proposed amended complaint to support [the] request" does not comply with Rule 7(b). *Id.* The Sixth Circuit has explicitly stated that it is not an abuse of discretion to deny such a request. *Id.*; *see also Patterson v. Novartis Pharmaceuticals Corp.*, 451 Fed. Appx. 495, *3 (6th Cir. 2011) (unpublished) (noting that plaintiff "only mentioned the possibility of amendments in the very last sentence of her opposition brief to the district court when she stated, '[i]n the alternative, Plaintiffs request an opportunity to amend the Complaint[,]'" and noting that, without a proposed amended complaint, the request was not sufficiently particular and "the district court did not abuse its discretion in denying this request.").

Plaintiffs did not state any additional facts, either in their Response to Defendants' Motion to Dismiss or at oral argument, that they intended to allege as part of their Amended Complaint. Plaintiffs also did not attach a proposed amended complaint to their Response to Defendants' Motion to Dismiss. Plaintiffs thus failed to provide any grounds for their request to amend. The Court therefore did not err in denying Defendants' request.

Plaintiffs' argument that they could not have filed an amended complaint until the Court issued an opinion granting Defendants' Motion to Dismiss is unavailing. This use of "the court as a sounding board to discover holes in their arguments" is precisely why the Sixth Circuit holds post-adverse-judgment motions to amend to a higher standard. *Leisure Caviar*, 616 F.3d at 616. Indeed, the Sixth Circuit has explicitly held that "Plaintiffs are not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) (citations and punctuation omitted).

Plaintiffs rely on *Fisher v. Roberts*, 125 F.3d 974 (6th Cir. 1997), in which the Sixth Circuit held that denial of a plaintiff's motion for leave to amend, filed after an adverse judgment, was an abuse of discretion. In that case, the district court dismissed the plaintiff's complaint because the complaint alleged only a statutory negligence action and not a "broader" general negligence action. *Id.* at 976. The district court also held that plaintiff's proposed amended complaint also failed to allege a "broader" negligence claim. *Id.* In reversing the district court, the Sixth Circuit noted that "cases should be tried on their merits rather than on the technicalities of pleading." *Id.* at 977-78 (citation omitted). The Sixth circuit then held that the facts alleged by the plaintiff were sufficient to state a claim of negligence under Michigan law: "The original complaint may well sufficiently allege a negligence claim. The amended complaint, with more specific factual allegations, certainly would also meet these same standards." *Id.* at 978.

In the instant matter, Plaintiffs' Complaint was dismissed because it lacked sufficient factual matter to indicate racial animus, under the pleading standards set forth in the post-*Fisher* cases *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This lack of factual content is more than the mere pleading technicality the Sixth Circuit found in *Fisher*.

Furthermore, Plaintiffs admit that all of the new facts alleged in the Amended Complaint were previously available, *see* Pls.' Reply at 5, but do not state why those facts were not raised in either their Response to Defendants' Motion to Dismiss, or during Plaintiffs' counsel's oral argument on that motion. Accordingly, allowing Plaintiffs to amend their complaint at this time would cause undue delay. *Leisure Caviar*, 616 F.3d at 616 ("A court acts within its discretion in

denying a Rule 15 and a Rule 59 motion on account of 'undue delay' – including delay resulting from a failure to incorporate previously available evidence . . . ." (citation and punctuation omitted)). Plaintiff has also failed to demonstrate any extraordinary or exceptional circumstance justifying relief under Rule 60(b)(6). Accordingly, Plaintiffs' Motion is denied.

### III. CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiffs' Motion.

SO ORDERED.

Dated: 8-6-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE